## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KOSH KASH CANNADY LOR,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-534-R** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,**[1] | ) | |
| | ) | |
| **Respondents.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, Kosh Kash Cannady Lor, a non-citizen proceeding with counsel, filed a petition for a writ of habeas corpus ("Petition") under 28 U.S.C. § 2241 challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1).[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). In accordance with the briefing schedule, (Doc. 9), Respondents timely filed a response to the Petition. (Doc. 12). Petitioner did not file a reply brief. As set forth fully below, the undersigned recommends that the Court **DISMISS** the Petition as moot because Petitioner is no longer in ICE custody and this Court can grant no relief to him.

---

[1] Markwayne Mullin became the Secretary of Homeland Security on March 24, 2026. Todd Blanche became the Acting Attorney General on April 2, 2026. Therefore, the Court substitutes them as Respondents in this matter.

[2] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

## I.    Background

Petitioner states he "is a stateless individual born in a Thai refugee camp after his Laotian mother fled Laos, and who lawfully entered the United States in 1999." (Doc. 1, at 1). On October 4, 2022, Petitioner was ordered removed from the United States. (*Id.* at 2). In or around January of 2023, Petitioner was released from ICE custody on an order of supervision because ICE could not effectuate his removal. (*Id.*) On January 5, 2026, Petitioner was re-detained "by ICE at a scheduled check-in appointment." (*Id.* at 3). On March 17, 2026, Petitioner filed his Petition, alleging his prolonged detention violated the Immigration and Nationality Act, relevant regulations, the Fifth Amendment, and the Administrative Procedures Act. (*Id.* at 24-26). Petitioner requests various relief, including injunctive relief and immediate release from custody. (*Id.* at 27-28).

Petitioner was detained at Cimmaron Correctional Facility in Cushing, Oklahoma. (Doc. 1, at 12). On April 3, 2026, however, Respondents filed a Notice of Removal stating Petitioner was removed to Laos on March 25, 2026.[3] (Doc. 11, at 2). On April 9, 2026, Respondents filed a response reaffirming Petitioner's removal and arguing the Petition should be dismissed as moot. (Doc. 12, at 1-2).

## II.    Analysis

The Court had jurisdiction over this matter when it was initially filed. *See Chan v. Bondi*, No. CIV-25-1412-JD, ECF No. 20, at *1 (W.D. Okla. Dec. 29, 2025) (finding the

---

[1] While Respondents acknowledge that they were ordered to "file written notice at least seventy-two hours before removing . . . Petitioner," they note that Petitioner was removed to Laos before that Order was entered. (Doc. 11, at 1-2) (quoting Doc. 9, at 2).

"in custody" requirement under 28 U.S.C. § 2241(c)(3) "is satisfied if a petitioner files the habeas petition while incarcerated") (citing *King v. Ciolli*, 2024 WL 1179909, at *2 (10th Cir. Mar. 19, 2024)). Further, the Petition was properly filed in this district due to his detention here. *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). But here, "the more substantial question . . . is whether petitioner's subsequent [removal] caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The answer is yes.

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). Thus, "if an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-478 (1990)). So a case is "moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

Petitioner has been removed to Laos and is no longer in ICE custody. "Once Respondents released [him] from their custody, he no longer had a redressable injury arising from his detention." *Chan*, ECF No. 20, at *3 (Dec. 29, 2025); *see also Ferry v.*

3

*Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (holding no "secondary or collateral consequences survive[d] [the petitioner's] deportation" and that an inability to return to the United States "stem[med] from his removal order, not his detention"). Thus, this action should be dismissed as moot. *See Chan*, ECF No. 20, at *3 (Dec. 29, 2025) (dismissing the habeas petition as moot).

### III.    Recommendation and Notice of Right to Object

For the reasons discussed above, the Court recommends that the Court **DISMISS** the Petition, (Doc. 1), as moot because Petitioner has been removed to Laos and is no longer in ICE custody.

**The court advises the parties of their right to object to this Report and Recommendation by April 28, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).[4]  The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[4] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to Report and Recommendations. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231, 231 n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance – particularly where strict application would undermine the habeas review process.").

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 21st day of April, 2026.

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE